Filed 11/26/24

## TO BE PUBLISHED IN THE OFFICIAL REPORTS

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SAN DIEGO

### APPELLATE DIVISION

THE PEOPLE,

          Plaintiff(s) and Respondent(s),

v.

ROBERT LAMONT BROWN,

          Defendant(s) and Appellant(s).

Appellate Division No.: CA296089
Trial Court Case No.:   M288983DV
Trial Court Location:   Central Division

**DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT**

APPEAL from the November 1, 2023, verdict, and December 5, 2023, sentence, Judge Marian Gaston.

AFFIRMED in part, REVERSED with instructions in part.

The issue in this case is whether Appellant's Supervised Own Recognizance ("SOR") release requirements were as custodial or restraining as a statutory home detention program pursuant to Penal Code section 1203.018. In order to be entitled to custody credits under *Gerson,* a defendant "must establish that the terms of his release were as 'custodial, or restraining' as a statutory home detention program pursuant to section 1203.018." (*People v. Gerson* (2022) 80 Cal.App.5th 1067, 1089.) For the reasons discussed below, this Court finds as a matter of law Appellant's SOR requirements were not as custodial or restraining as a statutory home detention and that the trial court awarded custody credits in error.

---

DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT

## Procedural and Factual History

In a complaint filed on October 6, 2023, Appellant was charged with one count of Penal Code section 273.5, subdivision (a). He was arraigned on October 6, 2023, and was released on SOR with a condition of GPS monitoring. Additionally, a Criminal Protective Order ("CPO") was issued prohibiting Appellant from contacting or being within 100 yards of the protected parties, their home, schools, vehicles or places of employment. A jury trial began on October 30, 2023.

The victim testified at trial. She had been married to Appellant for 6 years and had filed for divorce in August of 2023. On October 4, 2023, they had an argument about her vaccinating their children. She tried to leave to de-escalate the situation. As she was trying to leave, Appellant reached through the driver side window of the car, turned off the car, and removed the key. She attempted to roll up the window and Appellant bit her on the shoulder. After she exited the vehicle, Appellant moved it and removed parts from the engine to make the car inoperable. The victim went to the leasing office and called 911. Appellant took the children and drove away. Upon arrival, the police accompanied the victim to her apartment to determine if the children were there. Appellant used the remote speakers from the camera system to tell police they could not be in the apartment.

An employee at the apartment complex testified that she heard the argument between Appellant and the victim and observed the bite mark on the victim's arm. The community manager for the apartment complex testified Appellant appeared very upset during the argument. She also saw the bite mark on the victim's arm and described seeing teeth marks all the way around.

An expert witness testified for the prosecution regarding the cycle of violence in domestic violence relationships.

SDPD Officer Christman testified that when he arrived on scene Appellant told officers to leave and claimed because he was the head of the household, officers had no right to be inside the home. Officer Christman also had responded to a prior incident on September 8, 2023, where Appellant slapped a cell phone out of the victim's hand while she was recording an argument.

SDPD Officer Yeatman testified that he responded to the October 4, 2023, call and observed a bite mark on the victim's arm. He testified he went with the victim to the apartment and described hearing Appellant yell at officers through security camera speakers.

Multiple 911 calls were played to the jury. Video from a September 8, 2023, argument was played for the jury. Videos from the apartment complex's security cameras were played. Photos of the victim's injuries from the bite were shown to the jury. And body worn camera footage from Officer Yeatman was played.

Appellant testified in his own defense. He denied any physical touching in any of the arguments. He denied biting the victim or hitting her with the car. He testified that as the executor of the estate he has final decision-making authority over the children. He testified that according to international law he had full ownership over the vehicle. He stated that corporate California cannot tell any flesh and blood living man what to do.

Appellant was convicted by the jury on November 1, 2023. He filed a notice of appeal on December 1, 2023. But was not sentenced until December 5, 2023. This Court treated the appeal as timely filed even though it pre-dated the sentence.

Counsel for Appellant filed a *Wende* brief on May 8, 2024. On July 12, 2024, this Court requested supplement briefing on whether the conditions of SOR were as "'custodial, or restraining' as a statutory home detention program pursuant to section 1203.018" and about a potential fines and fees error.

## Discussion

The central issue in this case is whether Appellant's SOR requirements were as custodial or restraining as a statutory home detention program pursuant to Penal Code section 1203.018. In order to be entitled to credits under *Gerson,* a defendant "must establish that the terms of his release were as 'custodial, or restraining' as a statutory home detention program pursuant to section 1203.018." (*Gerson, supra* 80 Cal.App.5th at 1089.) For reason discussed below, this Court finds as a matter of law Appellant's SOR requirements were not as custodial or restraining as a statutory home detention and that the trial court awarded custody credits in error.

## Preservation of Error

Although there was no objection to the award of custody credits, a "sentence that awards custody credits exceeding statutory limits is unauthorized and may be corrected whenever the error is discovered." (*People v. Valenti* (2016) 243 Cal.App.4th 1140, 1184.)

**Standard of Review**

This is an issue subject to de novo review. The legal interpretation of the meaning of the holding in *People v. Gerson* and the requirements of Penal Code section 1203.018 are the central issues. These are pure questions of law. Pure questions of law are reviewed de novo. (*People v. Cromer* (2001) 24 Cal.4th 889, 894.)

**_Gerson_ Analysis**

To be entitled to custody credits under *Gerson,* a defendant "must establish that the terms of his release were as 'custodial, or restraining' as a statutory home detention program pursuant to section 1203.018." (*Gerson, supra* 80 Cal.App.5th at 1089.) "[P]articipants in a home detention program must comply with the rules of the program, including the following: (1) remaining within the interior premises of his or her residence during the hours designated by the correctional administrator; (2) admitting persons into his or her residence at any time for purposes of verifying compliance with the conditions of his or her detention; and (3) a GPS device or other supervising device." (*Id.* at 1089-1090.)

On October 6, 2023, the court ordered as a condition of OR release that "SCRAM with GPS monitoring to be installed and monitored by probation." The court also issued a criminal protective order. The trial court did not describe these release conditions as home detention. The trial court did not designate hours where Appellant was to remain in the interior premises of his residence. There was no limit on his movements other than the prohibition of coming within 100 yards of the protected parties, their homes, jobs, vehicles, or schools. The Court included a 4th Amendment waiver as a condition of Appellant's release.

At sentencing, the trial court, citing *Gerson*, awarded Appellant 58 actual credits and 58 Penal Code section 4019 credits for the time he spent on GPS monitoring. When questioned by the People, the court indicated that *Gerson* stood for the proposition that days monitored by GPS qualify as actual custody days and thus the Appellant was also entitled to good time credits pursuant to Penal Code section 4019. The court did not analyze whether the GPS monitoring in the case was as custodial or restraining as a statutory home detention.

/ / /

**DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT**

While the second and third prongs for home detention from *Gerson* were present—the 4th Amendment waiver and the GPS monitoring—the first prong was not present. There were no restrictions requiring that Appellant remain within the interior premises of his residence during any timeframe. Thus, as a matter of law, the conditions imposed on Appellant were not as restrictive as home detention. Therefore, the trial court erred in awarding custody credits.

Appellant's argument that awarding credits is within the spirit of *Gerson* fails. The reasoning in *Gerson* relied on an equal protection analysis. (*Gerson, supra* 80 Cal.App.5th at 1089.) "If persons are not similarly situated for purposes of the law, an equal protection claim fails at the threshold. [citations omitted] The question is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' [citations omitted]" (*People v. Buffington* (1999) 74 Cal.App.4th 1149, 1155.) In finding that the defendant was eligible for the credits the *Gerson* court indicated a desire to avoid elevating form over substance. (*Gerson, supra* 80 Cal.App.5th at 1091.) The substance of the analysis is whether a defendant is similarly situated to one on pre-trial home detention under Penal Code section 1203.018. A person prohibited by a protective order from going near certain individuals or locations is not similarly situated to a person prohibited from leaving their residence at all during certain timeframes. While there is a restriction on their travel, they have a vast multitude of options denied the person who must remain in their residence. Therefore, the spirit of *Gershon*'s analysis— equal protection—is not served by granting credits under these circumstances.

### *Wende* Analysis

The Appellate Division has reviewed the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, as requested by appellant's counsel, and has found no arguable issues in appellant's favor other than an issue with fines and fees.

The trial court imposed $745 in total fines, fees, and assessments. It appears the court may have imposed a $25 assessment pursuant to Penal Code section 1463.07. Courts no longer have the authority to impose this assessment. Penal Code section 1643.07 was repealed by Assembly Bill 177 effective September 23, 2021.

/ / /

**Conclusion**

Because the conditions of SOR release were not as custodial or restraining as a statutory home detention program pursuant to Penal Code section 1203.018, the trial court erred as a matter of law in awarding custody credits for Appellant's time on SOR with GPS monitoring. By ordering $745 in total fines, fees, and assessments, the court erred by imposing a $25 assessment that is no longer authorized. The case is remanded to the trial court for resentencing based on this decision. The verdict is affirmed.

Affirmed in part, reversed with instructions in part.

ALBERT T. HARUTUNIAN III
Presiding Judge, Appellate Division

FRANK L. BIRCHAK
Judge, Appellate Division

MARYANN D'ADDEZIO
Judge, Appellate Division

**DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT**

Counsel for Appellant, Robert Lamont Brown:

WILLIAM R. BURGENER, ESQ.
3990 OLD TOWN AVE C-105
SAN DIEGO, CA  92110


Counsel for Respondent, The People:

MARA W. ELLIOTT, CITY ATTORNEY
APPELLATE DIVISION
1200 THIRD AVE., STE. 700
SAN DIEGO, CA 92101

---

**DECISION/STATEMENT OF REASONS (CCP § 77(d)) BY THE COURT**